UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RENOJ XILOCH,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, et al.,<br><br>Respondents. | Case No. 5:26-cv-00318-SSS-BFM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Andrea Renoj Xiloch's Petition for Writ of Habeas Corpus. (ECF 1.) Respondents filed their Answer to the Petition. (ECF 8.) For the following reasons, the Court grants the Petition.

Petitioner is a Guatemalan citizen who has been in immigration detention since November 3, 2025. (ECF 1 ¶ 14.) Petitioner is currently detained at the Adelanto Detention Center in Adelanto, California, is in removal proceedings, and was denied the opportunity to have a bond hearing and be released on bond. (ECF 1 ¶¶ 1, 28, 30.)

On January 24, 2026, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within

seven days. (ECF 1 at 21-22.) Petitioner alleges that her continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 71-74.)

Respondents concede that Petitioner appears to be a member of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 8 at 2.) At a hearing held on February 20, 2026, Petitioner's counsel indicated Petitioner's intent to proceed only on her claim for a bond hearing under *Maldonado Bautista*. (ECF 13.)

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at \*8-\*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v. Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at \*3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under § 1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at \*8-\*22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 1) is granted as to Petitioner's Count Three regarding violation of 8 U.S.C. § 1226(a);

(2) Count One, Two, Four, and Five in the Petition are dismissed without prejudice, in light of Petitioner's assertion, at the hearing, that she intended only to proceed on his *Maldonado Bautista* claim; and

(3) Petitioner must be released from custody unless she is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.[1]

DATED: February 20, 2026

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

---

[1] It is well-established in the Ninth Circuit that the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.

3